UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

VINCENT C. DONOVAN,

Petitioner,

v.

JANET RENO, Attorney General,
and ROBERT MUNDT, Warden,

Respondents.

Civil No. 00-2774 (MJD/ESS)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be SUMMARILY DISMISSED, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

In 1992, a federal court jury in the Eastern District of Wisconsin found Petitioner guilty of committing several federal drug offenses. He was sentenced to an aggregate prison term of 212 months, and he is now serving his sentence at the Federal

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

MAR 13 2001
... DOSAL, CLERK
JUDGMENT ENTD ____
DEPUTY CLERK ____

Correctional Institution in Waseca, Minnesota.

Petitioner challenged his conviction and sentence in a direct appeal taken to the Seventh Circuit Court of Appeals, but his appeal was unsuccessful. U.S. v. Donovan, 24 F.3d 908, (7th Cir.), cert. denied, 513 U.S. 905 (1994). After his convictions were affirmed on direct appeal, Petitioner filed a motion seeking collateral relief under 28 U.S.C. § 2255. That motion was summarily denied by the district court, (and, as far as the Court can tell, Petitioner did not appeal that ruling). Thereafter, Petitioner filed two applications in the Seventh Circuit Court of Appeals seeking permission, pursuant to 28 U.S.C. § 2244(b)(3), to file another § 2255 motion in the trial court. The first such application was denied on September 24, 1999, and the second was denied on February 1, 2000.

Petitioner then filed his current petition seeking habeas corpus relief under 28 U.S.C. § 2241. He is once again attempting to challenge his 1992 criminal conviction and sentence, this time raising five grounds for relief, which can be summarized as follows:

(1) He was denied due process because the "U.S. Government lacks legal authority to entertain any federal jurisdiction in the charged offenses because Petitioner is not of the 'class' of persons of whom the statute, (21 U.S.C. § 841), sweeps into its criminal ambit."

(2) He was deprived of his constitutional rights under the Fifth and Sixth Amendments because of several alleged incidents that occurred before and during his trial.

(3) He was denied due process because "[t]here exists an impermissible variance between the charge in Count Six of the indictment and the proof presented at trial."

(4) He was denied due process because there was insufficient evidence to support each element of the various charges against him.

(5) He was denied due process because "[t]he signature appearing on the superseding indictment is not that of an authorized grand jury member and therefore, not 'A TRUE BILL,' rendering the indictment defective."

For the reasons discussed below, none of Petitioner's current claims for relief will be addressed on the merits. Instead, it will be recommended that his petition be summarily dismissed pursuant to Rule 4.

## II. DISCUSSION

It is well-settled that a federal prisoner normally can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his

conviction or sentence. No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or otherwise), unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986)(per curiam), quoting 28 U.S.C. § 2255; see also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983)(per curiam).

In this case, Petitioner is clearly challenging the validity of his original convictions and sentence, and his habeas corpus petition is therefore subject to § 2255's exclusive remedy rule. Ordinarily, Petitioner's application for relief under § 2241 might simply be construed as a motion brought under § 2255. The matter could then be transferred to the trial court so that Petitioner's claims could be addressed on the merits there. In this case, however, Petitioner is precluded from seeking relief under § 2255 in the trial court, because he has already done so once before. Any § 2255 action that Petitioner might now attempt to maintain would have to be construed as a "second or successive" application for relief, which, under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), could not be entertained by the trial court without the prior approval of the Circuit Court of Appeals for the circuit where Petitioner was convicted. 28 U.S.C. §§ 2244(b)(3) and 2255 [¶ 8].[2]

---

[2] According to the final paragraph of 28 U.S.C. § 2255:

"A second or successive motion [under § 2255] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." **(Continued....)**

Without a proper pre-authorization order from the appropriate Court of Appeals, a trial court cannot exercise jurisdiction over a second or successive § 2255 motion. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); see also Boykin v. U.S., No. 99-3369 (8th Cir. 2000), 2000 WL 1610732 (unpublished opinion). In this case, Petitioner is obviously well aware of the fact that he must obtain pre-authorization from the Seventh Circuit Court of Appeals before he can file another § 2255 motion. Indeed, he has already sought pre-authorization on two prior occasions, (and was turned down both times). Because the instant Petitioner has not obtained a pre-authorization order from the Seventh Circuit, a new § 2255 motion could not properly be entertained by the trial court at this time. Id. It would therefore be inappropriate to construe the present habeas corpus petition as a § 2255 motion and attempt to transfer this matter to the court in which Petitioner was convicted.

---

28 U.S.C. § 2244(b)(3) provides that:

> "(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

Moreover, it clearly appears that Petitioner has deliberately elected to file a § 2241 habeas corpus petition, rather than seeking relief under § 2255. He contends that § 2255's exclusive remedy rule should not be applied to his current petition, because he is not currently eligible for relief under § 2255, (for the reasons discussed above), and the remedy provided by that statute has therefore become "inadequate or ineffective to test the legality" of his convictions. Thus, he contends, he should be allowed to pursue his claims in a § 2241 habeas corpus proceeding at this time.

If Petitioner's reasoning were accepted, then any prisoner whose § 2255 claims were procedurally barred could bring his claims in a § 2241 habeas corpus petition. That, however, cannot be so. The rules barring successive § 2255 motions would be rendered meaningless, if any prisoner whose claims had been procedurally defaulted could simply contend that the remedy provided by § 2255 had become "inadequate or ineffective" and that he was therefore entitled to bring his claims in a § 2241 habeas corpus action. Congress could not have intended for the rules governing procedural default to be so easily evaded.

Thus, it is not surprising that our Court of Appeals has confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire." United State v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). Similar decisions have been reached in other circuit courts that have

considered this subject. See e.g., U.S. v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999) (a petition under § 2255 cannot become "inadequate or ineffective," thus permitting the use of § 2241, merely because a petitioner cannot meet the requirements for filing a second § 2255 motion), cert. denied, 528 U.S. 1176 (2000); Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) ("the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, [citations omitted], or because the petitioner is procedurally barred from pursuing relief under § 2255, [citations omitted], or because the petitioner has been denied permission to file a second or successive motion to vacate, [citation omitted]"); In re Vial, 115 F.3d 1192, 1194, n. 5 (4th Cir. 1997) ("the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision... or because an individual is procedurally barred from filing a § 2255 motion").

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis added). Applying this rule here, the Court finds that Petitioner is not eligible for habeas corpus relief under 28 U.S.C. § 2241. He had a reasonable opportunity to raise his current claims for relief on direct appeal, and again in his first § 2255 motion to the trial court. He cannot now claim that § 2255 is "inadequate or ineffective" simply because he is no longer eligible for relief under that statute.

Thus, the Court concludes that Petitioner cannot challenge the validity of his original conviction and/or sentence in a habeas corpus petition brought under 28 U.S.C. § 2241. Such challenges can be raised only in a motion brought under § 2255. The instant petition, which directly challenges the validity of Petitioner's criminal prosecution, must therefore be summarily dismissed.

The Court has not overlooked Petitioner's contention that he is presently attempting to prove his actual innocence, based on "new evidence." This assertion does have a certain superficial allure. After all, if Petitioner could positively demonstrate that he did not commit any crime, using some new evidence that he could not have been aware of previously, he should not be kept in prison -- despite his readily provable innocence -- based on mere procedural rules. See Murray v. Carrier, 477 U.S. 478, 495 (1986) ("'[i]n appropriate cases' the principles of comity and finality... 'must yield to the imperative of correcting a fundamentally unjust incarceration'"), quoting Engle v. Isaac, 456 U.S. 107, 135 (1982).

This is not a case, however, where a prisoner is being kept in prison despite the existence of new, previously undiscoverable, evidence that affirmatively demonstrates his actual innocence. Petitioner's current grounds for relief are based on matters that were either known or knowable at the time of his trial, at the time of direct appeal, and/or at the time of his first § 2255 motion. Furthermore, most of his arguments have nothing to do with his "actual innocence," but pertain only to the alleged unfairness of his trial.

The post-AEDPA version of § 2255 expressly authorizes the federal circuit courts to allow post-conviction claims to be raised and decided in a second or successive

§ 2255 motion, if a prisoner presents "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the [prisoner] guilty." 28 U.S.C. § 2255 [¶ 8]. In other words, if a prisoner can prove his actual innocence based on newly discovered evidence, he can seek relief under § 2255, even if he has been denied relief in an earlier § 2255 motion. See U.S. v. Roberson, 194 F.3d 408, 413, n. 3 (3rd Cir. 1999) (equating the "'actual innocence' standard of pre-AEDPA law" with the new innocence standard now set forth in the final paragraph of § 2255). Therefore, if Petitioner had a valid claim of actual innocence based on new evidence, § 2255 would provide an adequate and effective remedy -- which means that relief is not available under § 2241.

The Court recognizes that Petitioner has already asked the Seventh Circuit on two occasions to allow him to file a successive petition, and that both of his requests were denied. If Petitioner is presently attempting to raise the same actual innocence claims here, based on the same alleged new evidence, then, in effect, he is asking this Court to review a decision previously rendered by the Seventh Circuit. Needless to say, this Court has no authority to review a judgment entered by another federal court -- especially a higher ranking federal court, such as the Seventh Circuit Court of Appeals. On the other hand, if Petitioner is claiming that he has some brand new evidence, which was not available when he filed his two most recent motions with the Seventh Circuit, then he will have to go back to the Court of Appeals once again, showing his most recent "new evidence," and explaining why he did not present that evidence in either of his last two

motions to that Court.[3]

Petitioner also argues that the claims set forth at Grounds 1, 4 and 5 of his petition can be addressed in a § 2241 habeas proceeding, because those claims are "jurisdictional." This argument must be rejected because, in fact, Grounds 1, 4 and 5 do not challenge the trial court's jurisdiction over Petitioner's criminal prosecution. In Ground 1, Petitioner argues that his conviction should be set aside because the statute under which he was convicted does not apply to him. That argument might be relevant to the issue of Petitioner's guilt or innocence, but it has no bearing on the trial court's jurisdiction to determine his guilt or innocence. Ground 4 is simply an insufficiency of the evidence claim. Petitioner is challenging only the adequacy of the evidence, not the trial court's jurisdiction to weigh the evidence. In Ground 5, Petitioner argues that his grand jury proceedings were defective, because the indictment was not properly signed. This final claim also is not a jurisdictional one. Indeed, procedural deficiencies in grand jury proceedings are not only non-jurisdictional, they are generally non-actionable. See U.S. v. Tulk, 171 F.3d 596, 598 (8th Cir. 1999) ("[a]ny injury sustained in the charging process is cured by a subsequent finding of guilt beyond a reasonable doubt"); U.S. v. Mechanik, 475 U.S. 66, 70 (1986) ("the petit jury's verdict of guilty beyond a reasonable doubt demonstrates a fortiori that there was probable cause to charge the defendants with the

---

[3] Petitioner should not misconstrue this observation as an encouragement to return to the Court of Appeals. As far as this Court can discern, Petitioner has not uncovered any new evidence since he filed his last motion with the Seventh Circuit. If he has already presented all of his "new evidence" to that Court in his two prior motions under § 2244(b)(3), then it obviously would be futile to return there for a third time.

offenses for which they were convicted").

## III. CONCLUSION

In sum, the Court finds that: (1) Petitioner's application for habeas corpus relief challenges the validity of his convictions and sentence; (2) such challenges can be raised only in a motion for relief under 28 U.S.C. § 2255, unless the remedy provided by that statute is "inadequate or ineffective;" (3) the instant petition cannot be construed as a § 2255 motion, because Petitioner has already filed a previous § 2255 motion and he is precluded from filing another one without pre-authorization from the Seventh Circuit Court of Appeals; and (4) Petitioner's inability to file another § 2255 motion (without pre-authorization) does not cause the remedy provided by § 2255 to be "inadequate or ineffective" so as to excuse him from § 2255's exclusive remedy rule.

In addition, the Court finds that Petitioner's claim of "actual innocence" does not open the door to a § 2241 petition. A collateral challenge to a federal criminal conviction, based on new evidence proving actual innocence, can be, and should be, brought in a second or successive § 2255 motion pursuant to the final paragraph of that statute. The Court also rejects Petitioner's assertion that he should be allowed to bring at least some of his present claims in a § 2241 habeas petition because they are "jurisdictional." For the reasons discussed above, the Court has found that none of Petitioner's current claims actually challenges the trial court's jurisdiction to decide his case.

It is therefore recommended that Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241 be summarily dismissed.

Finally, the Court notes that Petitioner did not pay the $5 filing fee for this action, (see 28 U.S.C. § 1914(a)), but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). Because Petitioner has failed to state a habeas corpus claim on which relief can be granted, his IFP application must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

(1) Petitioner's application for leave to proceed in forma pauperis, (Docket No. 9), be DENIED; and

(2) Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be DISMISSED.

Dated: March 12, 2001

E.S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.